IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:19-CR-310-SDJ-AGD-1 |
| KIRK ESCOLLE MERCER (1) | § § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 14, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Federal Public Defender Brian O'Shea. The Government was represented by Assistant United States Attorney Christopher Rapp.

On October 21, 2020, United States District Judge Sean D. Jordan sentenced Defendant to a term of fifty-seven (57) months imprisonment followed by three (3) years of supervised release. *See* Dkt. 42 at 1. On September 22, 2022, Defendant completed his term of imprisonment and began serving the term of supervision. *See id.*

On July 1, 2024, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 42), alleging Defendant violated seven conditions of supervised release. *See id.* at 1–4. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant must not commit another federal, state or local crime.; (2) Defendant must not unlawfully possess a controlled substance; (3) Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon;

1

(4) Defendant must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer; (5) Defendant must answer truthfully the questions asked by your probation officer; (6) Defendant must live at a place approved by the probation officer; and (7) Defendant must not communicate or interact with someone you know is engaged in criminal activity. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1)–(3) On June 6, 2024, Cooke County Sheriff's Deputies arrested Eric Offord for a felony warrant. He was taken to the Cooke County Detention Center. On June 10, 2024, Offord made a phone call while inside the Cooke County Jail to an individual identified as Defendant. During the phone call, Offord admits to Defendant that there was a "rife and Pistol" inside a storage unit between the mattresses and bed frames. Offord asked Defendant to obtain the firearms and take them to his mother in Montague County, Texas. Following this phone call, Offord then calls his mother and states "I should have shot the f__k out of them is what I should have done." Based on that comment, Cooke County Sheriff Deputy Lt. Smith believed Offord is talking about shooting the law enforcement officers which took him into custody.

On June 12, 2024, Lt. Smith applied for and was granted a search warrant for Offord's storage shed in an attempt to locate the firearms Offord discussed with Defendant on the phone. A mattress was observed in the storage shed but a further search did not locate any firearms.

On June 13, 2024, Lt. Smith traveled to a residence on S. Grand Avenue in Gainesville, Texas, to locate and speak with Defendant. Lt. Smith observed Defendant in the front yard of the residence, and he agreed to speak to Lt. Smith regarding a criminal case. Defendant was questioned about the jail call which he spoke to Offord about the firearms. At first, Defendant stated his sister possibly had the firearms, he eventually admitted the firearms in question were inside his residence. Defendant was able to describe the firearms, but stated he had not touched the firearms in question, and granted consent to enter his residence and retrieve the said firearms. Defendant advised the officers Offord put the firearms inside the northeast bedroom and he never had them in the storage unit. Defendant stated the bedroom belonged to his roommate, Jeff Morris.

Since the room where the firearms were located belonged to Jeff Morris and he was not present to give consent, Lt. Smith applied for and was granted a residential search warrant for the residence located at 420 S. Grand Ave, Gainesville, Texas. Officers then executed the search warrant and in the northeast bedroom they located two firearms underneath the matters. The firearms were a .40 caliber, Smith and Wesson pistol, with a total of 14 live rounds of ammunition and one magazine. The

pistol was loaded with one round in the chamber. The other firearm was an AR style rifle, with two magazines, and 51 rounds of live .223 caliber ammunition. Officers were unable to locate a serial number on the firearm and it appeared to be set up to fire either semi-automatic or fully automatic. It is alleged that Defendant had the knowing ability to exercise dominion, gain access, or control of the two firearms, and therefore committed the offense of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922g(1).

While waiting for the search warrant for the bedroom belonging to Morris, Cooke County Officers were speaking to the Defendant and his girlfriend Brandi Shaw. They both stated they resided at the residence on S. Grand Ave. Officers began searching the bedroom shared by both Defendant and Shaw. The officer opened the top drawer of a nightstand and observed a plate with hand rolled marijuana cigarettes along with a green leafy-like substance. The officer informed other officers of the located marijuana, they stopped searching and requested consent from Defendant and Shaw to continue to search. Defendant and Shaw both gave verbal consent to continue the search. Officers then located in plain view, a mirror with a crystal-like substance consistent with methamphetamine. A broken bulb from a glass pipe commonly utilized to smoke methamphetamine was also located in a type of box commonly utilized to hide narcotics.

When asked about the methamphetamine, Defendant confirmed that he and Shaw utilized the box to hide narcotics on a trip to Austin, Texas. Additionally, he advised investigators that they both ingest methamphetamine. The methamphetamine weighed 0.35 grams including baggie weight. Defendant and Shaw were both released on scene with charges to be filed at large. On June 21, 2024, warrants were issued for Defendant and Shaw's arrest for Possession of a Controlled Substance, Methamphetamine.

On June 14, Offord made a call while at the Cooke County Jail with his mother who informed him of the search at Defendant's residence. Offord became upset and sated "I told him to get rid of them (meaning Defendant)." He further stated "it was illegal for anybody to have" indicating the rifle was not legal due to not having a serial number and it being set to fire as a fully automatic rifle. Offord was charged with Felon in Possession of a Firearm

(4)   On June 13, 2024, Defendant admitted to the Cooke County Sheriff's Deputy that he drove to Austin, Texas. Defendant failed to ask permission from the U.S. Probation Officer to travel outside the Eastern District of Texas to Austin, Texas.

(5)–(6) On June 13, 2024, the U.S. Probation Office was advised by the Cooke County Sheriff's Department that Defendant was not residing at the address he provided his officer but at the S. Grand Ave. address in Gainesville, TX. On June 18, 2024, Defendant admitted to the U.S. Probation Office that he lied regarding his residence and was residing at an address not approved by the U.S. Probation Office. He stated

    he knew the U.S. Probation Office would not approve of his residing with Brandi Shaw and therefore, did not tell probation of his current residence.

(7) Defendant resided with and had an ongoing relationship with Brandi Shaw. On May 5, 2005, Ms. Shaw was convicted of the felony offense Driving While Intoxicated, 3rd or more, in Travis County, Texas. On February 9, 2009, her probation was revoked and she was sentenced to a term of imprisonment in the Texas Department of Criminal Justice. On August 8, 2013, Ms. Shaw was convicted of Driving While Intoxicated with a Child Under 15 years of age, a State Jail Felony in Williamson County, Texas.

    Additionally, Defendant communicated and interacted with Eric Offord who is a convicted felon having been convicted of Manufacture or Delivery of a Controlled Substance in 1998, Possession of a Controlled Substance in 2002, and Manufacture or Delivery of a Controlled Substance in 2008, and having been sentenced to the Texas Department of Criminal Justice.

On August 14, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for August 14, 2024. Defendant entered a plea of true to allegations two and four through seven, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt 52. The Government moved to withdraw allegations one and three, which the Court granted. *See* Minute Entry for August 14, 2024. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the August 14, 2024 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, with no supervised release to follow. The Court further recommends Defendant be placed at FCI Seagoville in Seagoville, Texas, if appropriate.

**So ORDERED and SIGNED this 15th day of August, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE